[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 223.]

THE STATE EX REL. DAZIER, APPELLANT, *v*. INDUSTRIAL COMMISSION OF

OHIO, APPELLEE, ET AL.

[Cite as *State ex rel. Dazier v. Indus. Comm*., 2001-Ohio-1333.]

*Workers' compensation—Application for determination of percentage of permanent partial disability filed without medical evidence in support of application—After claimant's death, widow-claimant files application for payment of compensation accrued at time of death—Industrial Commission does not abuse its discretion in denying application for accrued compensation when there is no evidence upon which an award could be based.*

(No. 00-353—Submitted May 30, 2001—Decided September 26, 2001.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-7.

—————————

*Per Curiam.*

{¶ 1} Paul F. Dazier was diagnosed with chronic obstructive pulmonary disease ("COPD") on June 8, 1993. For thirty years prior, he was exposed to dust as a rock crusher. He also smoked at least two packs of cigarettes a day for forty to forty-five years. Prior to 1993, Dazier additionally suffered from diabetes, hypertension, gout, and ischemic heart disease. He underwent coronary artery bypass graft surgery in 1989.

{¶ 2} Shortly after COPD was diagnosed, Dazier filed a workers' compensation claim seeking allowance of that condition. His claim was allowed for that condition only.

{¶ 3} On April 28, 1995, Dazier filed an application for the determination of his percentage of permanent partial disability ("PPD") with appellee Industrial Commission of Ohio. He filed no medical evidence in support of his application.

On July 27, 1995, he was examined by Dr. Prakash C. Goyal for appellee Industrial Commission of Ohio. In a report issued October 6, 1995, Dr. Goyal wrote:

"*Discussion and Opinion*:

"The claimant suffers from:

"1) Chronic obstructive pulmonary disease, far advanced, with respiratory failure.

"2) Ischemic heart disease with a congestive cardiac failure, status post coronary bypass graft surgery.

"3) Diabetes mellitus.

"He has end stage disease process. There is no chance of recovery or going back to work. It is difficult, at this stage, to differentiate how much is due to the impact of his work as a rock crusher, smoking or ischemic heart disease. He has a severe impairment of the whole person. That is, 100% * * *."

{¶ 4} On February 21, 1996, the Bureau of Workers' Compensation mailed a tentative order awarding Dazier a one hundred percent permanent partial impairment. However, apparently, unknown to the bureau, Dazier had died on August 26, 1995.

{¶ 5} Dazier's employer, Dravo Basic Materials Company, Inc., filed a timely objection to the bureau's order. Two days later, his widow-claimant, Juanita, appellant herein, filed a C-6 "Application for Payment of Compensation Accrued at Time of Death," seeking payment of the PPD award.

{¶ 6} Several administrative hearings followed. A district hearing officer ultimately denied the C-6, stating:

"Pursuant to R.C. 4123.57, the Bureau of Workers' Compensation's tentative order dated 2/21/96 did not take effect because of the objection filed by the employer on 3/12/96. Because the tentative order did not take effect, neither R.C. 4123.57(A) nor R.C. 4123.60 operates to authorize compensation after the claimant's death because each section refers to an award that has 'been made.' The

District Hearing Officer finds that an award had not been made prior to the claimant's death because of the employer's objection.

"R.C. 4123.60 also permits an award of compensation after a claimant's death where the claimant was lawfully entitled to apply for an award and the District Hearing Officer finds evidence in file to warrant an award. However, the District Hearing Officer finds that Dr. Goyal's 7/27/95 report considers non-allowed conditions and cannot be relied on to award compensation."

{¶ 7} A staff hearing officer modified the order in part, stating:

"The Staff Hearing Officer finds that Prakash Goyal, M.D., examined the claimant on 07/27/95 and submitted a medical report dated 10/06/95. Dr. Goyal's report, which states that claimant has a 100% impairment, takes into consideration the non-allowed conditions of Ischemic heart disease with congestive cardiac failure and diabetes mellitus.

"The Staff Hearing Officer further finds that Dr. Goyal does not relate a Percentage of Permanent Partial Impairment to the allowed condition of chronic obstructive pulmonary disorder.

"Since Dr. Goyal's 10/06/95 report and opinion considers non-allowed conditions[,] said report does not constitute competent medical evidence upon which an award of Permanent Partial Disability or other compensation could be based.

"Therefore, the claimant's C-6 Application is denied and [the] order of the District Hearing Officer is affirmed in all other respects."

{¶ 8} Further appeal was refused.

{¶ 9} The widow-claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying her application for accrued compensation. The appellate court disagreed, finding that because (1) Dr. Goyal's report was not "some evidence" supporting an

3

award and (2), as found by the magistrate, there was no other medical evidence of record, there was simply no evidence upon which an award could be based.

{¶ 10} The cause is now before this court upon an appeal as of right.

{¶ 11} This is a tragic situation, but it is one that could have been easily avoided. Contrary to the tenor of the widow-claimant's brief, the chief impediment to compensation is not statutory, it is evidentiary.

{¶ 12} The widow-claimant left herself in an untenable position when neither she nor her decedent, while he was still alive, submitted any medical evidence in support of the PPD application. This left the couple wholly dependent on the commission doctor's report. When that report, in turn, proved insufficient—and decedent was already gone—the widow-claimant was effectively left with no supporting medical evidence and no way of obtaining any.

{¶ 13} The problem with Dr. Goyal's report is his failure to estimate a percentage of permanent partial impairment or whole body impairment attributable to the COPD. His assessment of a one-hundred-percent impairment impermissibly took into account several nonallowed conditions—conditions which, according to the death certificate—clearly contributed to decedent's death. Cf. *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 619 N.E.2d 1018. Consequently, the one-hundred-percent figure could not form the basis of an award, and there was no other percentage figure that could be used, because there was no other medical evidence.

{¶ 14} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals.

————————————

*Kondritzer, Gold, Frank & Crowley Co., L.P.A.,* and *Mark R. Naegel*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Craigg E. Gould*, Assistant Attorney General, for appellee.

——————————